1
2
3
4
5
6
7
8
9
10
11
12

**DICKINSON WRIGHT PLLC**
Michael Neal Feder, Esq. (SBN 7332)
John L. Krieger, Esq. (SBN 6023)
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Telephone: 702-550-4440
Facsimile: 844-670-6009
Email: MFeder@dickinsonwright.com
Email: JKrieger@dickinson-wright.com

Stanislav Torgovitsky (*pro hac vice* pending)
1825 Eye Street, N.W., Suite 900
Washington, DC 20006
Telephone: 202-659-6925
Facsimile: 844-670-6009
Email: STorgovitsky@dickinsonwright.com

*Attorneys for Plaintiff LiveHelpNow, LLC.*

.

**EVANS FEARS SCHUTTERT MNCULTY MICKUS**
Chad R. Fears, Esq. (SBN 6970)
David W. Gutke, Esq. (SBN 9820)
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone:  702-805-0290
Facsimile:  702-805-0291
Email: cfears@efsmmlaw.com
Email: dgutke@efsmmlaw.com

**COOLEY LLP**
Reuben H. Chen (*pro hac vice* filed)
Juan Pablo Gonzalez (*pro hac vice* filed)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: rchen@cooley.com
Email: jgonzalez@cooley.com

*Attorneys for Defendant TAWK.TO, INC.*

13
14
15
16

### UNITED STATES DISTRICT COURT

### STATE OF NEVADA

17
18
19
20
21

LIVEHELPNOW, LLC,

          Plaintiff,

v.

TAWK.TO, INC.,

          Defendant.

Case No. 2:23-cv-00667-APG-VCF

[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**

22
23
24
25
26
27
28

      WHEREAS, it may be necessary or desirable to take discovery of information and tangible things which are believed to be confidential and proprietary by the holder thereof;

      WHEREAS, the Parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information and tangible things on the public record; and

      WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions relating to information and tangible things govern in these proceedings.

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles.

Nothing in this Order implies anything with respect to whether a given piece of information should or should not be produced in discovery in this action.  The Parties reserve all rights with respect to the scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of this Court, and all applicable law.

**2.     DEFINITIONS**

**2.1     Challenging Party:** a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

**2.2     "CONFIDENTIAL" Protected Material:**  Protected Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

**2.3     Counsel (without qualifier):**  Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4     Designating Party:** a Party or Non-Party that designates Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material:  all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed or used in this matter.

**2.6    Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or contractor of a Party, (3) is not a current employee or contractor of a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor.

**2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material:**  sensitive "Confidential Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

**2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material:**  sensitive "Confidential Protected Material" representing or consisting of Source Code as defined in section 2.17.

**2.9    House Counsel:**  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10    Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11    Outside Counsel of Record:**  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

**2.12    Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13    Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.14** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15** **Protected Material:** any Disclosure or Discovery Material that qualifies for protection under FRCP 26(c) that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.16** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.17** **Source Code:** computer source code (including, but not limited to, computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code")), as well as associated comments and revision histories, and formulas or algorithms within code.

**3.** **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. However, if the accuracy of information is confirmed only through the

review of Protected Material, then the information will not be considered to be in the public domain. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information.  Such information is explicitly included in the definition of "Protected Material" set forth in Section 2.15 above.  Any use of Protected Material at trial will be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

**5.      DESIGNATING PROTECTED MATERIAL**

**5.1      Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2      Manner and Timing of Designations.**

Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)  For Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):

That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b)  For testimony given in deposition or pretrial hearing:

With respect to depositions, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  To the extent a deponent gives testimony regarding Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

With respect to pretrial proceedings, the Parties must follow the procedures of the Court with respect to proposing redactions to transcripts.  If Protected Material is disclosed at a pretrial hearing, and a Party moves the Court to seal that portion of the hearing and that motion is granted, the Parties must treat that hearing transcript in accordance with the level the Protected Material was designated pending the issuance of a final redacted transcript, after which those portions of the transcript redacted retain the level of designation of the Protected Material disclosed.  However, if (1) the hearing was entirely public, and (2) the receiving Party complied with the notice provisions discussed below with respect to pretrial proceedings such that the producing Party had a full and fair opportunity to request the courtroom be sealed, the Parties are free to treat the transcript as a public document unless and until any Party moves the Court to seal the transcript (or a portion thereof), at which point the portion(s) of the transcript sought to be sealed must be treated in

accordance with the level the Protected Material discussed therein was designated until such time as the Court may rule on this motion to seal.

Parties shall give the other Parties notice if they reasonably expect a deposition to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

With respect to pretrial proceedings, the receiving Party shall give the producing Party and the Court notice in advance of disclosing or displaying Protected Material in an open pretrial hearing or other public proceeding such that the producing Party has the ability to request the courtroom be sealed. Such notice shall preferably be given before the hearing begins, but must be given at least in advance of disclosing or displaying such Protected Material during the hearing.

Deposition transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. During the 21-day period for designation, Parties shall treat any deposition transcript that was not designated on the record pursuant to the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c)  For Protected Material produced in some form other than documentary and for any tangible things:

That the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

### 5.3 Inadvertent Failures to Designate.

An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation.  Within a reasonable time after the correction of a designation, a Receiving Party must provide notice to the Designating Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation.  Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party.  Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material.  This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1 Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 6.2    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 6.3    Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall request the Court's intervention by following the Court's procedures for disputes relating to discovery matters.  The Challenging Party's failure to follow the Court's procedures for disputes relating to discovery matters will result in the Protected Material being designated as requested by the Designating Party.  The Designating Party may also request the Court's intervention relating to its designation by following the Court's procedures for disputes relating to discovery matters.  The burden of persuasion in any such challenge is on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1      Basic Principles.**

(a)   A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b)   Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

(c)   A Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION) for the Duration of this Stipulated Protective Order.

(d)   A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

**7.2      Disclosure of "CONFIDENTIAL" Protected Material.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff,

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who, except for copy vendors, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary

for this litigation and who, except for copy vendors, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(g) any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to four Experts (as defined by this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants (but not mock jurors) who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author, recipient, or person directly involved in creating, modifying or editing of a document containing the Protected Material or a custodian who otherwise possessed or knew the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence; and

(g) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) While testifying at deposition or trial in this action only: any person designated by the Producing Party to provide testimony regarding the Source Code pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while testifying.

**7.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Disclosure or Discovery Material to Experts.**

(a)  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Protected Material, must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  With regard to the Protected Material sought through part (5) of such an Expert disclosure, if the Expert believes any of this Protected Material is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever Protected Material the Expert believes can be disclosed without violating any confidentiality agreements, and

the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

(b)   A Party that makes a request and provides the Protected Material specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 calendar days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may seek relief from the Court using the Court's procedures for disputes relating to discovery matters and protective orders.

In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.      DISCLOSURE AND INSPECTION OF SOURCE CODE**

(a)      To the extent production or disclosure of Source Code is requested in this case, a Producing Party may permit inspection of Source Code in a manner that maintains security and confidentiality of the requested Source Code.  Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL - SOURCE CODE" and only individuals to whom "HIGHLY CONFIDENTIAL – SOURCE Protected Material may be disclosed, as set forth in Paragraphs 7.4 and 7.5 may inspect the Source Code.

(b)      Any Source Code to be produced or disclosed in discovery will be made available for inspection, in text searchable, native electronic format, upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection. Two secured computers containing the Source Code in text searchable, native electronic format ("Source Code Computers"), will be made available during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel

selected by the Producing Party or another mutually agreed upon location. The Source Code inspection must occur in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may from a distance visually monitor the activities of the Receiving Party's representatives during any Source Code review for the sole purpose of ensuring there is no unauthorized recording, copying, or transmission of the Source Code but shall not view or record the work product of the Receiving Party's representative. All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

(c)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial. Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code as review of Source Code is only permitted electronically as set forth in paragraph (c) above. In no case will the Receiving Party receive more than 25 consecutive pages or an aggregate of more than 700 pages of Source Code during the duration of the case without prior written approval of the Producing Party. Using the software available on the Source Code Computers, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed Source Code must be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting. Within five (5) business days of such request, the Producing Party shall provide one copy of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." If the request is served after 5:00pm Pacific Time, it will be deemed served the following business day. The Requesting Party may challenge the amount of Source Code to be provided in hard copy form pursuant to the dispute resolution procedure set forth

in Section 6.  Similarly, the Producing Party shall provide the Receiving Party any printed source code relied on by any of its Experts in an expert report.

(d)    The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored.  Upon one (1) day's advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party no more than once every three months without a showing of good cause.  The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 8(i) below.  The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) and must not convert any of the Protected Material contained in the paper copies into any electronic format except for limited excerpts of Source Code contained in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Documents").  Each excerpt may contain no more than 50 consecutive lines of Source Code.  The receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.    All Source Code Documents must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders, with the understanding that such documents cannot be encrypted, or password protected when filed with the Court.  Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers must be used instead).  The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the

first instance.  To the extent the Receiving Party wishes a Source Code Computer to be available at deposition, such request must be made at least seven (7) days in advance of such deposition.  The Producing Party is not required to create a new Source Code Computer for the purpose of depositions.  Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(e)  The Producing Party shall install tools that are sufficient for viewing and reviewing the Source Code produced for inspection on the Source Code Computers and the Producing Party shall install software and/or tools of the Producing Party's choice that facilitate the review of the Producing Party's source code. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computers, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools will assist the Receiving Party to perform its review of the Source Code and will not compromise the security of the Source Code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers.  The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper set-up, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for installation.

(f)  No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, will be permitted into the Source Code review room.

(g)  The Receiving Party's Outside Counsel and/or experts/consultants will be entitled to take hand-written notes relating to the Source Code but may not copy the Source Code into the

notes and may not take such notes electronically on the Source Code Computers themselves or any other computer.

(h)     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of three (3) persons identified by the Receiving Party, excluding Outside Counsel, may have access to the Source Code.

(i) If the Producing Party objects that the requested portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within 3 business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet and confer need not take place in person), the Receiving Party shall be entitled to seek a Court resolution of whether the requested source code in question is not reasonably necessary to any case preparation activity.  Contested source code in PDF format need not be produced to the Receiving Party until that matter is resolved by the Court.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**9.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:**

(a) promptly notify in writing the Designating Party.  Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

18

Stipulated Protective Order.  Such notification must include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or seeks to quash the subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protected Material.  The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

**9.2**    **The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).**

**10.    A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE PRODUCED IN THIS LITIGATION**

(a)  Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

(b)  The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(d)     If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and permanently delete, shred, or otherwise destroy all unauthorized copies of the Protected Material.

/ / /

/ / /

**12.    PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE   PROTECTED MATERIAL**

**12.1**    Pursuant to Federal Rule of Evidence 502(d) and this protective order, the inadvertent production in this Action of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this Action or in any other federal or state proceeding, provided that the Producing Party shall notify the Receiving Party(ies) in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced.

**12.2**    After a Producing Party has given written notice to the Receiving Party(ies) in the manner set forth below that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Producing Party and the Receiving Party(ies) are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as modified herein.  Specifically, the Producing Party may assert privilege or protection over inadvertently produced documents by notifying the Receiving Party(ies) in writing of the assertion of privilege or protection, the subject information, the date of discovery (unless within the previous 48 hours, in which case the Producing Party may specify that the inadvertent production was discovered "within the previous 48 hours"), and the basis for requesting its return within fourteen (14) calendar days of the Producing Party's discovery of the inadvertent production.  If any portion of the materials inadvertently produced does not contain privileged or protected information, the Producing Party shall within one (1) business day of providing written notice also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

**12.3**    After the Producing Party has given written notice in the foregoing manner to the Receiving Party(ies) that certain inadvertently produced material is in the Producing Party's view subject to a claim of privilege or protection, a Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. This does not preclude presenting the information to the Court for a determination of the claim of privilege or other protection.   No one shall use the fact or

circumstances of production of the information in this Action to argue that any privilege or protection has been waived.

**12.4**   If the Parties have a disagreement about whether privilege or protection applies to identified document(s) and cannot resolve the dispute without court intervention after meeting and conferring, the Parties shall comply with the Court's procedures for disputes relating to discovery matters.  Any brief related to this provision must be accompanied by a competent declaration affirming that the Parties have complied with the meet and confer requirements imposed by the preceding paragraph and any separate requirements imposed by this Court.

**12.5**   Further, the Receiving Party(ies) shall promptly sequester any document or information produced by a Producing Party if the Receiving Party(ies), in good faith, recognizes on the face of the document that it contains privileged or work-product-protected information and knows or reasonably should know that the document was inadvertently sent. In such event, the Receiving Party(ies) shall promptly notify the Producing Party of the discovery of such document or information.

### 13.   MISCELLANEOUS

**14.1 Right to Further Relief.**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2 Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3 Export Control.**

The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted.  The Receiving Party shall take measures

necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.   The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

**13.4 Filing Protected Material.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 10-5, a sealing order will be issued only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 10-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

**13.5 Examination of Non-Party.**

If a Non-Party is deposed pursuant to this Agreement concerning Protected Material, any person other than the witness, his or her attorney(s), or any person otherwise qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Producing

Party shall request that the attorney provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

**13.6    Right To Advise.**

Nothing herein shall preclude Outside Counsel of Record from using Protected Material to consult with, advise or counsel the Party it represents, provided, however, that nothing in this section shall be construed to permit disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE otherwise prohibited by this Order.

**13.7    Reservation To Seek Additional Protections And To Release Obligations.**

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity is required.  Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order with respect to the releasing Party's Protected Material even if the conduct subject to the release would violate the terms herein without such release.

**14.    FINAL DISPOSITION**

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.    OTHER PROCEEDINGS.**

By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

Dated:  September 25 2023.

**DICKINSON WRIGHT PLLC**

**EVANS FEARS SCHUTTERT MNCULTY MICKUS**

*/s/ Stanislav Torgovitsky*
Michael Neal Feder, Esq. (SBN 7332)
John L. Krieger, Esq. (SBN 6023)
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169

Stanislav Torgovitsky (*pro hac vice* pending)
**DICKINSON WRIGHT PLLC**
1825 Eye Street, N.W., Suite 900
Washington, DC 20006

*Attorneys for Plaintiff LiveHelpNow, LLC*

*/s/ David W. Gutke*
Chad R. Fears, Esq. (SBN 6970)
David W. Gutke, Esq. (SBN 9820)
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119

Reuben H. Chen (*pro hac vice* filed)
Juan Pablo Gonzalez (*pro hac vice* filed)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304-1130

*Attorneys for Defendant TAWK.TO, INC.*

1

**ORDER**

2          **IT IS SO ORDERED**.

3

4          _____

~~UNITED STATES DISTRICT COURT JUDGE~~/
UNITED STATES MAGISTRATE JUDGE

5

6          DATED: _____
9-25-2023

7          CASE NO.: 2:23-CV-00667-APG-VCF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

1
2

### EXHIBIT A
### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____, declare under penalty of perjury that I have read in its

4   entirety and understand the Stipulated Protective Order that was issued by the United States District Court

5   for the District of Nevada in the case of *LiveHelpNow, LLC v. Tawk.To Inc.*, C.A. No. 2:23-CV-00667-

6   APG-VCF.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and

7   I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the

8   nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that

9   is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

10  provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for

11  the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

12  enforcement proceedings occur after termination of this action.

13      I   hereby   appoint   _____   [print   or   type   full   name]   of

14  _____ [print or type full address and telephone number] as my agent

15  for service of process in connection with this action or any proceedings related to enforcement of this

16  Protective Order.

Printed name: _____

17  Title: _____

18  Address: _____

19  Signature: _____

20  Date: _____
City and State where sworn and signed: _____

21
22
23
24
25
26
27
28